

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant State Superintendent
Department of Education
Austin 11, Texas

Dear Sir:

Opinion No. 0-6976
Re: Term of Board of Directors
of the San Antonio Union
Junior College

Your letter of December 6, 1945, together with enclosures requesting an opinion with reference to the term of office to be served by the present trustees of the San Antonio Union Junior College District has been received and carefully reviewed. We believe the letter mailed to you on November 21 from the firm of Davis, Hall, Clemens and Knight raises the questions involved. We therefore quote below this letter in its entirety:

"Your letter of the 13th addressed to Mr. J. Q. Loftin concerning the terms of office of the newly elected trustees of the above Union Junior College District has been exhibited to the undersigned, who is attorney for the District.

"Frankly, it is a puzzle to know which article of the statutes govern the terms of office. We are doubtful of Article 2774a, Section 2, because it relates only to school districts which are first of all cities and towns, and Section 2 is further limited to cities and towns having less than 75,000 population.

"For instance, Article 2777a governing independent school districts, which includes cities of over 200,000, provides for a different term of office for the trustees of such districts.

"We really believe that Article 2815h-4, Section 2, probably controls for the reason that while this is a validating act it certainly has a prospective application and specifically deals with Union

Honorable T. M. Trimble, page 2

Junior College Districts. We feel that the Legisla-
ture did not intend to prescribe one term for trus-
tees of Union Junior College Districts theretofore
created and another for Districts thereafter created.
We know of no legal objection which would prevent
incorporation in such a statute of a prospective
provision. This matter is not immediately/pressing,
of course, but we would like to have you and the At-
torney General give it your further consideration.
A copy of this letter is enclosed for the Attorney
General.

"The San Antonio Union Junior College District
is composed of six common school districts and five
independent school districts, as you know. One of
the independent districts is created under said law
for public school purposes only and we understand
that the other four are created under general law.
None of them are cities and towns which have assumed
control of the public schools."

We have reviewed carefully the statutes setting up the
stages which should be followed in the election of trustees to
independent school districts, and although it may be said that
Article 2774s should be applied to school districts, we do not
feel that it is the statute that should be followed in this
instance. We are inclined to agree with the fourth paragraph
as set out in the above quoted letter. Senate Bill No. 75, as
passed by the 47th Legislature, Regular Session, 1941, appears
on Page 6 of the General and Special Laws, 47th Legislature,
Regular Session, 1941. Although the caption of this bill indi-
cates that it is a validating act, there are further words to
this effect:

". . . . Providing for the election of a Board
of Trustees for such Junior College Districts, and
providing certain powers and duties of such trustees;
. . . . . . ."

We therefore believe that this act is more than a validating act,
and quote below Section 2 of the act which sets out a method of
electing trustees for a Junior College District:

"Sec. 2. The trustees elected for such Junior College Districts, after taking the oath of office, shall divide themselves into three classes: Class I, consisting of two members, shall serve for one year; Class II, consisting of two members, who shall serve for two years; and Class III, consisting of three remaining members, who shall serve for three years.

"On the first Saturday of April of each year after such trustees first elected shall have served for a period of at least one year, an election shall be held to fill the offices of the members of trustees whose terms expire that year. Such trustees so elected shall serve for a term of three years." (Emphasis ours.) (See Article 2815h-4, Section 2, Vernon's Annotated Civil Statutes.)

It is the considered opinion, therefore, of this department that the present board of trustees who were evidently elected some time after March 1, 1945, should serve for a period of at least one year, that is, their term of office would not expire until April, 1947, at which time an entire board of trustees should be elected. After they have been elected and duly qualified, they should follow the procedures as outlined in Section 2 of Article 2815h-4. Thereafter, and on the first Saturday of April of each year, an election should be held for the group whose term expires at that time.

Trusting that the above satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

E. M. DeGeurin
Assistant

EMDeG-rlt

APPROVED JAN 25 1946

FIRST ASSISTANT
ATTORNEY GENERAL

OPIN. OR
COMMITTEE
BY
CHAIRMAN